COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


LINDA GAIL HEADLEY
                                            MEMORANDUM OPINION*
v.    Record No. 3084-02-4                      PER CURIAM
                                              JUNE 17, 2003
WENDELL GARY JEWELL


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                     Rossie D. Alston, Jr., Judge

          (Linda Gail Headley, pro se, on brief).

          No brief for appellee.


     Linda Gail Headley, appellant, appeals the trial court's

order declining to exercise jurisdiction over her petitions for

temporary custody and visitation with the parties' child.

Appellant contends the trial court erred in denying the child his

"right to his home state's continuing and original jurisdiction."

She also asserts that the trial court refused to hear all

circumstances surrounding the child's welfare and that the

guardian ad litem refused to contact her prior to the hearing.  In

addition, appellant makes several constitutional arguments.  Upon

reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial judge.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"'A court which has jurisdiction [to modify a decree] may decline to exercise its jurisdiction . . . if it finds that it is an inconvenient forum . . . and that a court of another state is a more appropriate forum.' We will reverse the court's decision only upon a finding of abuse of discretion." Johnson v. Johnson, 26 Va. App. 135, 147, 493 S.E.2d 668, 673 (1997) (citation omitted).

Code § 20-146.18(A) provides:

> A court of this Commonwealth that has jurisdiction under this act to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.

Before determining whether it is an inconvenient forum, the court "shall consider whether it is appropriate for a court of another state to exercise jurisdiction." Code § 20-146.18(B). In making this determination, "the court shall allow the parties to present evidence and shall consider all relevant factors," including those listed in the statute.[1]

---

[1] Code § 20-146.18(B) provides the trial court shall consider:

> 1. Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> 2. The length of time the child has resided outside this Commonwealth;

-

Appellant and Wendell Gary Jewell, appellee, are divorced and are the parents of the child, a teenager. Appellee recently retired from the military. However, appellee's wife, the child's stepmother, is still in the military. In 1994, the Juvenile Court Division of the Fifteenth Judicial Circuit Court of Montgomery, Alabama awarded appellee custody of the child. That court also ordered that appellant meet certain preconditions prior to exercising visitation with the child. The Alabama order was registered in Prince William County, Virginia.

---

3. The distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;

4. The relative financial circumstances of the parties;

5. Any agreement of the parties as to which state should assume jurisdiction;

6. The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

7. The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

8. The familiarity of the court of each state with the facts and issues in the pending litigation.

Appellant later filed in the Prince William County courts a motion to amend custody of the child.  Both the juvenile and domestic relations district court (JDR court) and the Prince William County Circuit Court denied the motions.  The circuit court order entered on August 9, 2001 found no material change in circumstances since the entry of the Alabama order, that it was in the best interests of the child to reside with appellee, that there was no evidence of abuse or neglect of the child while residing with appellee, and that appellant had not met the preconditions ordered by the Alabama court for visitation.

In June 2002, appellant filed a Petition for Temporary Visitation and a Petition for Temporary Custody in the Prince William County JDR court.  The JDR court denied the petitions, and appellant appealed those decisions to the trial court.

In the trial court, appellee filed a motion to decline jurisdiction over the matters.  At a hearing held on October 24, 2002, the parties were given the opportunity to present evidence and arguments concerning the jurisdiction issue.  At the hearing, evidence was presented that the child last resided in Virginia in June 2001.  Thereafter, he resided with appellee and his stepmother in Germany until July 2002.  In July 2002, appellee, the child, and the child's stepmother moved to Kansas where they resided at the time of the hearing.  Thus, the child had not resided in Virginia for sixteen months prior to the hearing.  In addition, although appellant alleged appellee had

-

committed crimes, appellee's counsel indicated there were no pending criminal charges against appellee in either Virginia or Kansas.

The parties clearly do not have an agreement as to which state should assume jurisdiction. Appellee is now retired, and the distance between Virginia and Kansas is considerable. Furthermore, Virginia is not the home state of the child or his custodial parent and the child is enrolled in school in Kansas. Therefore, having the proceeding in Kansas would be the least disruptive to the child's life. Moreover, the location of much of the evidence required to resolve the pending litigation is in Kansas, including the child should he be called to testify. Accordingly, under the facts of this case, the trial court did not abuse its discretion in declining to exercise jurisdiction.

Furthermore, the record reflects that the trial court gave appellant an opportunity to present her case at the hearing. In addition, the record contains numerous lengthy documents filed by appellant which state her position on the matter. Therefore, we find appellant's argument that the trial court refused to hear all circumstances concerning the child's welfare is without merit. The record also indicates that appellant failed to obtain rulings from the trial court regarding her guardian ad litem and constitutional arguments. If a party fails to obtain a ruling, there is no ruling for us to review. Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

-

Rule 5A:18 bars our consideration of these questions on appeal, and the record reflects no reason to invoke the exception to the rule.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>